# THE SUPREME COURT OF GEORGIA,

*Decisions Rendered October 20, 1885.*

REPORTED BY J. H. LUMPKIN, REPORTER.

ROYCE & Co., *et al. vs.* GAZAN AND *vice versa.*

CLAIM FROM BROOKS. Admissions. Practice in Superior Court. Estoppel. Claim. Fraud. Evidence. Handwriting. Witness. New trial. (Before Judge Hansell.)

Jackson, C. J.—1. When the facts are conclusive that the claimant was in possession when the levy was made, his admission that defendant in fi. fa. then had possession, should not work his right to open and conclude the argument. No falsehood should work advantage to any litigant in any court of justice.

2. Such admission, thus made in judicio, should preclude the claimant from denying afterward, its truth, but the fact of the possession of defendant after alleged sale to him should stand against him as a badge of fraud.

3. The right to open and conclude, especially on the trial and sifting of facts to unravel the substleties of fraud, is an important legal right, and, if improperly denied, demands the grant of a new trial.

4. If there be no witness to a writing, anybody who knows the handwriting of the maker may prove it;—especially would it be wrong to require the party to call his adversary to prove his own handwriting, and thus make that adversary his own witness.

5. A party may testify to his intention. It is evidence to be considered, but the facts—all the facts—are to be considered to arrive at the truth respecting his real motive.

6. As the case is to be tried over, it is useless to pass on the newly discovered evidence as a ground for new trial.

7. Nor would it be fair to pass upon the merits of the great question of fraud or no fraud.

8. The motion for a new trial should not have been dismissed. The brief of evidence was approved subject to corrections, in the time allowed, and filed in time, and afterwards corrected and approved in full.

Judgment reversed in original bill of exceptions and affirmed in cross-bill.

Dan W. Rountree ; E. P. S. Denmark, for plaintiffs.

W. R. Bennett; J. G. McCall ; McIntyre & McIntyre ; Harrison & Peeples, contra.